# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBINSON TADEU PAES,<br>   Rua Dr. Guilherme Cristoffel, 250 Ap<br>   181, Alto de Santana, Sao Paulo,<br>   SP 02406-010<br>        Plaintiff(s)<br><br>        v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>KIKA SCOTT, in her official capacity,<br>Director, U.S. Citizenship and Immigration<br>Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>MARCO RUBIO, in his official capacity,<br>Secretary, U.S. Department of State;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>SHANE MYERS, in his official capacity,<br>Acting Principal Deputy Assistant Secretary,<br>Bureau of Consular Affairs,<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br>        Defendant(s). | Civil Action No. 1:25-cv-901 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

1

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com

## INTRODUCTION

COMES NOW ROBINSON TADEU PAES (hereinafter "Plaintiff PAES" or "Plaintiff") Plaintiff, by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff PAES is a Brazilian national. On September 30, 2016, Plaintiff PAES lawfully filed Form I-526, Immigrant Petition by Alien Entrepreneur (hereinafter "Petition" or collectively "respective Forms") with the United States Citizenship and Immigration Services (hereinafter "USCIS"). The Form I-526 was approved on May 17, 2022.

2. Following the approval of the Form I-526, Petition, Plaintiff PAES timely, completely, and lawfully filed Form I-824, Application for Action on an Approved Application or Petition (hereinafter "Application" or collectively "respective Forms"), on December 15, 2022, with USCIS in order to pursue consular processing. Plaintiff's Form I-824 was approved by USCIS on September 28, 2023.

3. This action is brought as a result of Defendants' failure to coordinate the transfer of Plaintiff's approved Form I-526 Petition to the Department of States' National Visa Center (hereinafter "NVC") within a reasonable period of time. Despite the approval of Plaintiff's Form I-824 Application, Defendants have failed to transfer Plaintiff Form I-526 Petition to the National Visa Center (NVC) for consular processing, preventing Plaintiff from pursuing an immigrant visa to travel to the United States.

4. Plaintiff has a clear right to have Defendants coordinate the transfer of his approved Form I-526 Petition to the NVC within a timely manner. The transfer of Plaintiff's FormI-526 Petition

to the NVC is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b) and 5 U.S.C. § 706(1)

5. The failure to act on Plaintiff's respective Forms and transfer the approved Form I-526 to the NVC has caused ongoing undue delay and hardship to Plaintiff PAES and his derivative family members.

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to coordinate the transfer of the approved Form I-526 Petition to NVC as there are no in-person interactions that are necessary or routine at this time; as such, COVID-19 related issues do not prohibit an officer's ability to transfer the approved Form I-526 Petition to the NVC.

7. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff's approved Form I-526, Immigrant Petition by Alien Entrepreneur, and approved Form I-824, Application for Action on an Approved Application or Petition.

**PARTIES**

8. Plaintiff ROBIINSON TADEU PAES is a citizen of and resident of Brazil. He is the beneficiary of an approved Form I-526, Immigrant Petition by Alien Entrepreneur. The approved Form I-526 allows beneficiary qualification for Plaintiff PAES to apply for an immigrant visa to travel to the United States as a lawful permanent resident. Plaintiff PAES is also the applicant of an approved Form I-824, Application for Action on an Approved Application or Petition.

9. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and

discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant KIKA SCOTT is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity

11. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

12. Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies This action is filed against him in his official capacity.

13. Defendant SHANE MYERS is the Acting Principal Deputy Assistant Secretary, for the Bureau of Consular Affairs. As Acting Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

14. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

15. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

16. The Plaintiff has repeatedly requested the Defendants to transfer his approved Form I-526, Petition to the NVC. Furthermore, Plaintiff has initiated numerous inquiries with USCIS, NVC, and through the Department of Homeland Security's CIS Ombudsman's Office, all to no avail.

17. The Plaintiff has exhausted his administrative remedies.

18. There are no further administrative remedies available for Plaintiff to utilize.

## BACKGROUND

19. Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program. Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA § 203(b)(5), 8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under the EB-5 Program, foreign investors have the opportunity to obtain U.S. lawful permanent resident status for themselves, their spouses, and their minor unmarried children by making a certain level of capital investment and associated job creation or preservation in the United States. In 1993, Congress announced a related pilot program – now known simply as the "Immigrant Investor Program" – that introduced the concept of the "regional center." Department of Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992). Regional centers were designed to pool investor money in a defined industry and promote economic growth in a specific geographic area.

20. Established in 1990 to promote economic growth, the program requires investors to contribute

at least $1,050,000 to a business, or $800,000 if investing in a Targeted Employment Area (TEA)—a rural or high-unemployment region[1]. Additionally, the investment must create or preserve at least 10 full-time jobs for U.S. workers, and the funds used must come from a lawful source. Successful investors, along with their spouses and unmarried children under 21, receive conditional green cards valid for two years. After fulfilling program requirements, they can apply for permanent residency in the United States.

21. To initiate this process, investors must submit Form I-526, Immigrant Petition by Alien Investor, to U.S. Citizenship and Immigration Services (USCIS). This petition serves as proof that the investor has made, or is actively making, a qualifying investment and that the investment will generate the necessary employment opportunities. It also requires documentation verifying that the investment funds were obtained legally. Once USCIS approves the I-526 petition, the investor can either apply for an immigrant visa through consular processing if residing abroad or file Form I-485 (Application to Register Permanent Residence or Adjust Status) if already present in the U.S. on a valid visa. Upon approval, the investor receives a conditional green card for two years. To obtain a permanent green card, they must later file Form I-829 (Petition by Investor to Remove Conditions on Permanent Resident Status), demonstrating that they have met all EB-5 program requirements. This program provides a direct pathway to U.S. residency and, ultimately, citizenship while simultaneously fostering economic growth through foreign investment.

22. Form I-824, Application for Action on an Approved Application or Petition, is used when an applicant requires additional action on an already approved immigration petition or application. It is commonly filed to request the transfer of an approved petition—such as an I-130, I-140, or, in this case, the Plaintiff's Form I-526 Petition—to the National Visa Center (NVC) for consular

---

[1] Plaintiff PAES invested $500,000, which was the required investment amount for the Targeted Employment Area at the time he applied.

processing. If an applicant initially intended to adjust status within the U.S. but later intends to pursue consular processing instead, they must submit Form I-824 to request that USCIS forward the approval notice to the NVC. The form helps facilitate communication between USCIS and the appropriate visa-processing authorities to ensure the case moves forward within a timely manner.

## FACTUAL ALLEGATIONS

23.     On September 30, 2016, Plaintiff PAES filed and paid the required government fees for Form I-526, Immigrant Petition by Alien Entrepreneur (now the "Immigrant Petition by Standalone Investor") (Receipt# WAC1790000856) with USCIS. Plaintiff's Form I-526 Petition was approved by USCIS on May 17, 2022.  **[EXHIBIT A].**

24.     On December 15, 2022, Plaintiff filed and paid the required government fees for Form I-824, Application for Action on an Approved Application or Petition. Plaintiff's Form I-824 was approved by USCIS on September 28, 2023, (Receipt# WAC2390030646). **[EXHIBIT B].**

25.     Despite the approval of Plaintiff's respective Forms, Defendants have failed to coordinate the transfer of Plaintiff's approved Form I-526 Petition to the NVC.

26.     Plaintiff has made numerous inquiries over the past one year and five months (over 17 months or 546 days) with USCIS, NVC, and through the Department of Homeland Security's CIS Ombudsman's Office, but has not received a definitive response on the location of the approved Petition or its transfer status.

27.     Plaintiff's inquiries have not resulted in any meaningful response from Defendants.

28.     Plaintiff's Petition now continues to remain misplaced for over seventeen (17) months.

29.     Due to the Defendants' inaction, Plaintiff has been prevented from proceeding with consular processing, delaying his ability to obtain an immigrant visa for himself, his spouse, and

his son, who is included as his derivative family members on his Form I-526 Petition. The Defendants' failure to act is causing significant harm to both Plaintiff and his derivative family members.

30. Defendants have refused to provide further explanation which would merit the need for over seventeen (17) months to coordinate the transfer of Plaintiff's Form I-526.

31. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that his approved Form I-526 Petition, has been either misplaced or not forwarded to the NVC within a timely manner. Furthermore, the Plaintiff's son is at risk of losing eligibility to apply for the immigration benefit derived from his father's approved Form I-526 Petition—specifically, the ability to apply for an immigrant visa to enter the United States. This risk persists unless the Defendants take appropriate and timely action to coordinate the transfer of Plaintiff's approved Petition.

32. Plaintiff PAES and his derivative family members have been deprived of the opportunity to apply for an immigrant visa to travel to the United States and accrue sufficient time towards their qualification to naturalize as U.S. Citizens.

33. Moreover, Plaintiff PAES has incurred significant attorney's fees due to the Defendants' failure in coordinating the transfer of his approved Form I-526 within a reasonable period of time, especially given the approval of his Form I-824 Application.

## COUNT I

### VIOLATION OF THE APA- Failure to Coordinate the Transfer of Plaintiff's Approved Form I-526 Petition

34. All prior paragraphs are re-alleged as if fully stated herein.

35. Pursuant to INA 203(b)(5)(C)(ii), Plaintiff PAES has a statutory right to apply for qualification as an immigrant investor under the EB-5 program. Furthermore, Plaintiff's derivative family members also have a right to apply for the resulting benefit from his father's approved Petition.

36. Defendants have a duty to properly and timely coordinate the transfer of Plaintiff's approved Form I-526, Petition within a reasonable period of time under 5 U.S.C. §555(b), given the approval of his Form I-824 Application by USCIS.

37. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

38. No other adequate remedy is available to Plaintiff.

39. Defendants approved Plaintiff's Form I-824 Application and have had over seventeen (17) months to coordinate the transfer of Plaintiff's Form I-526 Petition to the NVC, allowing Plaintiff PAES and his derivative family members to timely apply for an immigrant visa to come to the United States.

40. Due to the Defendants' failure to provide a justification for the delay in coordinating the transfer of Plaintiff's approved Petition for more than one year and five months (over 17 months or 546 days), Plaintiff's case has experienced an unreasonably extended delay. As a result, Plaintiff PAES and his derivative family members have been deprived of the opportunity to apply for the benefits associated with Plaintiff's approved Form I-526 Petition, namely an immigrant visa to travel to the United States.

41. Defendants have failed in their statutory duty to coordinate the transfer of Plaintiff's approved Form I-526 Petition within a reasonable period of time as they have taken over seventeen (17) months to coordinate the transfer of the approved Petition to the NVC.

42. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff PAES's approved Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

43. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to transfer Plaintiff's approved Petition, thereby depriving Plaintiff and his son of the rights to which they are entitled.

44. As a result of this delay, Plaintiff and his derivative family members have endured significant emotional and economic hardships. Plaintiff has also incurred enormous costs and significant attorney's fees. Further Plaintiff PAES, his spouse, and his son have been unable to receive their immigrant visas, their conditional resident status and have lost time which would have accrued towards their qualification to naturalize as U.S. Citizens. In effect, Plaintiff's lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for Defendants to coordinate the transfer of Plaintiff's approved Petition to the NVC.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to coordinate the transfer of Plaintiff's approved Petition to the NVC immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: March 27, 2025                                                      Respectfully submitted,

   /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax: (312) 549-9981**
*Counsel for Plaintiff*